Cowin, J.
BACKGROUND
Plaintiffs Office One, Inc. (Office One) and Pilgrim Telephone, Inc. (Pilgrim) filed numerous tort and contract claims against the various defendants arising out of Office One’s purchase from the Federal Deposit Insurance Corporation (FDIC) of several commercial units in the River Court Condominium in East Cambridge, Massachusetts. Each of the defendants filed a special motion to dismiss the amended complaint pursuant to G.L.c. 231, §59H, the anti-SLAPP Act. In a Memorandum of Order and Decision dated July 10, 1997, this Court dismissed most of the plaintiffs’ claims because said claims were based on the defendants’ exercise of the right of petition [7 Mass. L. Rptr. 219]. Each defendant has now applied for an award of attorneys fees and costs pursuant to G.L.c. 231, §59H.
DISCUSSION
General Laws Chapter 231, §59H provides that if the court grants a special motion to dismiss, “the court shall award the moving party costs and reasonable attorneys fees, including those incurred for the special motion and any related discovery matters.” G.L.c. 231, §59H (1994). Having carefully reviewed the defendants’ applications, affidavits and itemizations of fees and costs, and having given serious consideration to the plaintiffs’ arguments in opposition thereto, this Court exercises its discretion to make the following awards of fees and costs.
I. Application of Defendants Thomas and Linda Sansone
On January 6, 1997, CNA Insurance retained attorney F.J. McDonald (McDonald) to defend the Sansones against the present suit. The Sansones now seek $6,248.00 in attorneys fees. McDonald’s hourly rate is $110 which this Court finds to be fair and *590 reasonable. Office One objects that the Sansones are not entitled to recover any fees under G.L.c. 231, §59H because McDonald is counsel for CNA Insurance, McDonald has not billed the Sansones for his services, and thus the Sansones have not actually incurred any fees. This argument is completely without merit. The insurer defended on behalf of the insured, in this instance, the Sansones.
Office One next contends that the recovery sought is disproportionate to the services rendered because McDonald filed only a one-sentence Special Motion to Dismiss on behalf of the Sansones but did not file a Memorandum of Law.[3] The itemization indicates that McDonald spent roughly 7.4 hours speaking to the Sansones and becoming familiar with the case; 1.9 hours communicating with plaintiffs’ attorneys; 10.5 hours preparing the Sansones’ affidavits in support of their motion to dismiss; 8.9 hours reviewing the pleadings, motions and memorandum of the plaintiffs; 8.3 hours reviewing the pleadings, motions and memorandum of other defendants; 12.6 hours researching the anti-SLAPP statute, preparing for the hearing on the special motions to dismiss, attending the hearing and reviewing this Court’s decision; and 1.4 hours communicating with the Sansones with respect to the status of the case. All these activities are appropriate in connection with the defense of the Sansones against Office One’s suit. With respect to McDonald’s failure to file a separate memorandum of law in support of the Sansones’ special motion to dismiss, it should be noted that several other defendants filed extensive memoranda on the anti-SLAPP Act and its application to the present case. Thus, it was reasonable for McDonald to conclude that his clients would not be well served by the preparation of a memo that would in effect duplicate the arguments already before this Court. More importantly, the failure to file a separate memorandum of law does not render the rest of the work done in preparation for the special motion to dismiss unnecessary or unreasonable. Accordingly, this Court declines to reduce the award of fees to the Sansones on this basis.
Office One objects that certain entries relate to services performed solely for the benefit of CNA Insurance and thus are not properly recoverable by the Sansones. The challenged entries are:
1/9/97 Ltr. to elms re: assignment .20 $22.00
2/4/97 Status Ltr. to Claims .50 $55.00
3/24/97 Claims re: status .30 $33.00
5/28/97 Ltr. to Clms re: hearing on .30 Mo to Dismiss $33.00
7/16/97 Ltr to Adjuster re: Court .40 Decision $44.00
These status updates to the insurer’s claims department appear to relate to the merits of the plaintiffs’ case against the Sansones and represent the attorneys reporting to the insurer as they would to any client. Accordingly, the Court will allow this $187 in fees.
Office One further objects that McDonald spent a significant amount of time reviewing pleadings and issues relating exclusively to defendants other than the Sansones. A challenged 2/12/97 entiy indicates that McDonald spent .60 hours discussing with the plaintiffs’ attorney a hearing on a temporaiy restraining order sought by the plaintiffs with respect to disputed parking spaces at the condominium. Further, the record indicates that on 2/14/97, McDonald spent 1.3 hours reviewing the plaintiffs’ motion for said TRO and brief in support and on 2/21/97 he spent .5 hours reviewing a court notice concerning the plaintiffs’ application for an injunction.
In addition, Office One challenges an entry indicating that on 2/25/97 McDonald spent 1.2 hours reviewing the defendant attorneys’ Rule 12(b)(6) motion to dismiss; on 3/19/97, he spent 1.2 hours reviewing the plaintiffs’ petition for appellate review; and on 3/24/97 he spent .30 hours reviewing the resultant Appeals Court decision. It is reasonable to review the submissions of the other parties in the case, and this is not a ground for disallowing fees.
Office One further obj ects that the record submitted by McDonald includes an entry dated 1/14/97 which lists an hour and a half spent on an activity described only as “ICA,” and provides no explanation or description of the work performed. Given that the Sansones bear the burden of properly itemizing the fees requested, this Court will disallow the $121 sought for this entry. Finally, despite Office One’s contention to the contrary, it is well established that the Sansones are. entitled to recover for the .80 hours McDonald spent in preparing the instant application for fees pursuant to the anti-SLAPP Act. Accordingly, this Court in its discretion awards the Sansones $6,127 in attorneys fees pursuant to G.L.c. 231, §59H.[4]
II. Application of Defendant Trustees
The defendant Trustees seek $120,550.70 in attorneys fees and $4,346.99 in costs. The Trustees were represented by three different law firms during the course of this litigation: Marcus, Goodman, Emmer & Brooks, the Trustees’ regular condominium counsel; Hinckley, Allen & Snyder, which served as litigation counsel for the Trustees until January 1997; and Hill & Barlow, which has served as litigation counsel since January 1Q97.
A. Representation by Marcus, Goodman, Emmer & Brooks
The Trustees’ regular condominium counsel, Marcus, Goodman, Emmer & Brooks (condominium counsel) reviewed the initial complaint, determined that outside litigation counsel was needed and helped the Trustees retain Hinckley, Allen & Snyder. The Trustees now seek fees of $9,794.46 for services provided by condominium counsel. Office One objects that many of these services were duplicated by successor counsel, Hinckley, Allen & Snyder. However, Office One makes no showing of which particular services or *591 activities are duplicative, and this Court cannot discern any obvious duplication of effort. Accordingly, the Trustees are entitled to the full amount of fees sought for condominium counsel’s services: $9,794.46.
B. Representation by Hinckley, Allen & Snyder
The Trustees next seek to recover $7,729.44 in fees incurred by Hinckley, Allen & Snyder (HA&S), the Trustees’ litigation counsel until January 1997. Office One first objects that the time billed by HA&S is duplicative of time spent by successor litigation counsel Hill & Barlow and that HA&S, which never filed an appearance in the case on behalf of the Trustees, is not entitled to fees. Office One has not demonstrated that any of HA&S’s services were unreasonable. Accordingly, the Trustees are entitled to recover $7,729.44 in fees for HA&S’s representation.
C. Representation by Hill & Barlow
Finally, the Trustees seek $103,026.80 in fees and $4,364.99 in costs for services rendered by Hill & Barlow, which has served as the Trustees’ litigation counsel.since January 1997. Office One’s primary objection is that much of the time billed by Hill & Barlow is duplicative of work performed by Hinckley, Allen & Snyder (HA&S), which provided its work product to Hill & Barlow in January 1997. However, Office One fails to make any specific argument as to which hours or tasks were duplicative. A comparison of the itemizations of HA&S and Hill & Barlow reveals that HA&S generally spent its time on reviewing the original complaint, researching the anti-SLAPP statute, speaking to various trustees, seeking an extension of time to' respond and preparing the file for delivery to Attorney Michael Greco. Hill & Barlow’s initial work after taking over the case involved preparing Trustees’ affidavits and the special motion to dismiss, reviewing the amended complaint, filing a protective motion, researching the anti-SLAPP statute, researching whether the FDIC is a governmental body within the meaning of the anti-SLAPP Act, opposing a preliminary injunction sought by the plaintiffs and moving for a stay of discovery. This Court’s examination of the itemizations of the two firms reveal no obvious duplication of effort. The plaintiffs have failed to make a sufficient showing of duplication to justify a reduction in Hill & Barlow’s fees.
Office One protests that the hourly rates charged by Hill & Barlow are excessive. Michael Greco, a partner, charged $335 per hour; Robert Bertsche, an eighth year associate, charged $230 per hour and Robert Schwartz, a third year associate, charged $ 160 per hour. This Court finds these hourly rates to be commensurate with those charged at other firms of a similar size and reputation as Hill & Barlow.[5] In pursuing litigation against the Trustees, the plaintiffs take the risk that defendants will seek counsel from a large Boston firm whose rates may be higher than, for example, a smaller firm operating in the suburbs. In addition, Office One protests that Attorney Greco performed many tasks that in fact could and should have been delegated to associates charging lesser hourly rates. It would be inappropriate for this Court to second-guess the manner in which counsel chose to allocate the various tasks involved in representing the Trustees in this suit.
Office One next protests that several attorneys billed for time spent attending oral arguments on the special motion to dismiss despite the fact that only Attorney Greco argued the motion to this Court. Hill & Barlow’s itemization reveals that both Greco and another attorney, Robert Bertsche, billed for time spent traveling to and attending the oral arguments. However, given the complex issues in this case, this Court cannot deem it unreasonable for Attorney Greco to have desired the assistance of another attorney at the oral argument.
Office One further argues that Hill & Barlow unreasonably billed for time spent in some thirty conferences between attorneys working on the Trustees’ defense. An examination of Hill & Barlow’s itemization reveals that a total of 67 hours was spent by various attorneys in such conferences, as compared to the 454.3 total hours spent by Hill & Barlow on the Trustees’ defense. This Court finds 67 hours of conferencing excessive under the circumstances. Fees will be allowed for only half of this time, resulting in a reduction of the fee award by $11,222.50.
Office One protests that the time counsel spent on insurance issues is unrelated to the Trustees’ special motion to dismiss and is not recoverable under the anti-SLAPP Act. On 2/10/97, Greco spent 1.5 hours to “review Chubb[6] reservation of rights letter of 2/7/97, correspondence from attorney Gerber.” On 5/23/97, Greco spent 3 hours to “prepare for 5/27 hearing; telephone conference with Paul Fitzgerald of Reliance Ins. Co.” On 6/2/97, Greco spent 1.5 hours to “review supplemental memorandum of law from plaintiffs re Duracraft decision; telephone conference with D. Errico; conference with R. Bertsche; review letter from Chubb Group” and on 6/11/97, he spent one hour on ‘Telephone conference with G. Vaughan of the Chubb Group of Ins. Companies; letter to Errico re same; review documents.” These tasks do not involve the merits of the Trustees’ defense but rather, insurance coverage issues. As such, they are not recoverable under the anti-SLAPP Act, and the $2,345 in fees incurred for this work will be disallowed.
Office One next protests that the thirty-two hours spent by counsel preparing for oral argument on the special motion to dismiss is excessive. Hill & Barlow’s itemization reveals that between 5/12/97 and the hearing on 5/27/97, counsel spent 21.4 hours “preparing for hearing,” 6.4 hours reviewing and assembling materials for the hearing, and 4.7 hours drafting and revising a supplemental memorandum on the Duracraft case. This Court finds the 21.4 hours spent on hearing preparation to be excessive and deems 8 *592 hours to be a reasonable time for this task. Accordingly, $4,489 in fees will be deducted from the Trustees’ recovery.
Office One further protests that time spent researching, revising and preparing the Trustees’ special motion to dismiss after the plaintiffs amended their complaint was excessive. The itemization reveals that only about 8 hours can be specifically attributed to the need to revise the Trustees’ briefs due to differences between the original and amended complaint. Given that the amendment of the complaint came relatively early in the case, it is impossible to tell how much of the further research and revision was necessitated by the amendment and how much would have been required regardless. In any event, since the plaintiffs chose to amend their complaint, apparently in an attempt to circumvent dismissal under the anti-SLAPP Act, they cannot now argue that additional effort by the Trustees’ counsel to respond to the amendment was unreasonable.
Office One’s remaining objections do not require extended discussion. Although Office One deems excessive the forty hours spent preparing the three page special motion to dismiss, this time included preparation of a 26-page memo with numerous exhibits and affidavits, as well as the preparation of a reply brief and supplemental brief. In addition, the time spent by various associates preparing memos on the anti-SLAPP Act and the Duracraft decision is not patently unnecessary or excessive. Similarly, this Court cannot deem excessive the three hours spent researching whether the filing of an answer is required when the anti-SLAPP Act is implicated. Finally, Office One argues that the Trustees should not be allowed to recover for the time Hill & Barlow spent reviewing the attorneys fee applications filed by the other defendants in this case. Hill & Barlow’s itemization reveals that Attorney Greco spent a total of one hour on this task, which cannot be deemed unreasonable. This Court therefore declines to disallow any of the fees claimed on these grounds. Accordingly, this Court in its discretion awards the Trustees $84,970.30 in attorneys fees for Hill & Barlow’s representation.[7] The Trustees’ total recovery (for the work of all three firms) pursuant to G.L.c. 231, §59H is thus $102,494.20[8] in attorneys fees and $4,346.99 in costs.
III. Application of Defendants James Stanley and Joan Stanley
The defendant Stanleys now seek $7,737.83 in attorneys fees and costs, $918.75 of which represents a sum that Liberty Mutual paid the Stanleys in reimbursement for legal fees incurred by them prior to the firm of Latronico & Whitestone’s assumption of the Stanleys’ defense.[9] Office One first protests that this $918.75 is not adequately itemized, since the bill submitted by the Stanleys fails to identify the attorney who performed the services, his or her hourly rate, and the specific tasks performed. Moreover, no affidavit is provided from that counsel. The Stanleys bear the burden of justifying their request for fees. Given the failure to provide even the most basic information concerning the $918.75 sought, that amount must be disallowed.
Office One argues that the Stanleys have similarly failed to submit sufficiently detailed information for a fee award based on Latronico & Whitestone’s services. Foremost, the hourly billing rates of the three attorneys listed in Latronico & Whitestone’s itemization are not provided in Attorney Riordan’s affidavit, although they could presumably be calculated by dividing the total amount sought by the total number of hours claimed. More critical, however, is the lack of specificity in the tasks performed, which are described only by very general categories (“reviewing mail & dictation,” “general legal research,” “pleadings” and “conferences other than depositions”). Faced with such generalities, it is impossible to determine the reasonableness of the fees incurred. Accordingly, the Stanleys may not recover the fees sought.
IV. Application of Defendants Errico & Marcus, Goodman, Emmer & Brooks
Finally, the defendant Attorneys, who were represented by the firm of Posternak, Blankenstein & Lund (PB&L), seek $7,591.40 in fees and costs. The total fees and costs charged to defendant Attorneys amounted to $8,855.20; the figure now sought represents 75% of this total in light of the fact that in its initial July 10th Order and then upon reconsideration of that Order, this Court dismissed three of the four counts against the defendant Attorneys under the anti-SLAPP Act. Attorney George Berman’s hourly rate is $155, which this Court finds to be fair and reasonable. Attorney Joseph Berman’s hourly rate is $135, which this Court also finds to be fair and reasonable.
Office One first objects that PB&L only devoted 1 page of its memorandum to dismissal under the antiSLAPP Act and merely incorporated the arguments made by the Trustees. However, Errico filed a fifteen-page affidavit with twenty-eight exhibits in support of defendant Attorneys’ motion to dismiss. Accordingly, this Court declines to disallow an award of fees on the basis that the defendant Attorneys merely rode on the coattails of the other parties.
Office One next objects that certain entries relate to services performed solely for the benefit of the Defendant Attorneys’ insurer and thus are not properly recoverable. The challenged entries are:
2/24/97 Preparation of initial analysis 1.0 $135.00 and report letter
2/28/97 Revise initial evaluation .50 $77.50
3/1/97 Revise budget .10 $15.50
5/28/97 Correspondence to Eileen Lesniak .40 $62.00 regarding hearing to dismiss
5/31/97 Preparation of report letter .20 $27.00
These status updates to the insurer’s claims department relate to the merits of the plaintiffs’ case against *593 the defendant Attorneys. Accordingly, this Court will allow the $317 in fees claimed for such tasks.
Office One protests that on January 29, 1997, counsel purportedly worked 1.5 hours preparing a Memorandum in Opposition to Plaintiffs’ Motion to Amend Answer, but that the defendant Attorneys never actually opposed that motion. The fact that the motion was never filed does not render its preparation unreasonable, particularly in light of the brief period of time spent on that task. Finally, Office One protests that on February 13, 1997, counsel billed 2.5 hours for attending a hearing on Plaintiffs’ Request for Injunctive Relief, a matter which did not involve the defendant Attorneys but, rather, only the Trustees. Despite Office One’s assertion that counsel should not be compensated for this unnecessary charge, this Court finds attendance at the hearing to be reasonable.
Finally, by way of a supplemental application for attorneys fees, the defendant Attorneys seek $950 in fees incurred in successfully seeking reconsideration of this Court’s original order, which only dismissed one claim against the defendant Attorneys under the antiSLAPP Act. As this Court, on reconsideration, ordered the dismissal of two additional claims against the Attorneys because they were based on the exercise of the right to petition, the Attorneys are entitled to recover the additional fees incurred in obtaining a favorable result on reconsideration. Accordingly, this Court in its discretion awards the defendant Attorneys $7,591.40 in attorneys fees and costs pursuant to G.L.c. 231, §59H.
ORDER
Based on the foregoing, it is hereby ORDERED that pursuant to G.L.c. 231, §59H, judgment shall enter for defendants Thomas Sansone and Linda Sansone for reasonable attorneys fees in the amount of six thousand, one hundred and twenty-seven dollars and no cents ($6,127) against the plaintiffs Office One, Inc. and Pilgrim Telephone, Inc.; judgment shall enter for defendants Jacqueline Sullivan, Biyan Chegwidden, Nicholas Porcaro, Lynn H. Moore, James E. Gado and Jill Herold as Trustees of the River Court Condominium Trust for reasonable attorneys fees in the amount of one hundred and two thousand, four hundred and ninety-four dollars and twenty cents ($102,494.20) and reasonable costs in the amount of four thousand, three hundred and forty-six dollars and ninety-nine cents ($4,346.99) against the plaintiffs Office One, Inc. and Pilgrim Telephone, Inc.; defendants James Stanley and Joan Stanley are not entitled to recover attorneys fees and costs; and judgment shall enter for defendants V. Douglas Errico and Marcus, Goodman, Emmer & Brooks, P.C. for reasonable attorneys fees and costs in the amount of seven thousand, five hundred and ninety-one dollars and forty cents ($7,591.40) against the plaintiffs Office One, Inc. and Pilgrim Telephone, Inc.

 Thomas Sansone filed a three-page affidavit in support of the special motion to dismiss and Linda Sansone filed a two-page affidavit.

 This amount represents the amount originally requested, $6,248, less the $121 for the work not properly described.

 There being no evidence to the contrary, the Court assumes that these rates are consistent with rates charged by Hill & Barlow to clients for work of this nature.

 It appears from other entries in the itemization that “Chubb” refers to the Chubb Group of Insurance Companies, the Trustees’ insurer.

 This amount represents the amount originally requested, $103,026.80, less $11,222.50 for excessive time spent conferencing, $2,345 for work for the insurer, and $4,489 for excessive time spent on hearing preparation.

 This amount represents $9,794.46 for the services of condominium counsel, plus $7,729.44 for the services of Hinckley, Allen & Snyder, plus $84,970.30 for the services of Hill & Barlow.

 Although Office One has not raised the issue, this Court notes that, as individual unit owners, the Stanleys had legal interests sufficiently distinct from the condominium Trustees to justify the retention of their own counsel.