Cowin, J.
BACKGROUND
Plaintiffs Office One, Inc. and Pilgrim Telephone, Inc. (collectively, “Office One”) filed numerous tort and contract claims against the various defendants arising out of Office One’s purchase from the Federal Deposit Insurance Corporation of several commercial units in the River Court Condominium in East Cambridge, Massachusetts. Each of the defendants filed a special motion to dismiss the amended complaint pursuant to G.L.c. 231, §59H, the anti-SLAPP Act. In a Memorandum of Order and Decision dated July 10, 1997 [7 Mass. L. Rptr. 219 (September 15, 1997)], this Court dismissed most of the plaintiffs’ claims because said *119 claims were based on the defendants’ exercise of the right of petition. In a Memorandum of Order and Decision dated November 4, 1997 [7 Mass. L. Rptr. 589 (January 19, 1998)], this Court granted the defendants’ applications for attorneys fees and costs pursuant to G.L.c. 231, §59H. The defendant Trustees now move for a supplemental award of those fees and costs incurred from August 1, 1997 through October 31, 1997. 
DISCUSSION
General Laws Chapter 231, §59H provides that if the court grants a special motion to dismiss, “the court shall award the moving party costs and reasonable attorneys fees, including those incurred for the special motion and any related discovery matters.” G.L.c. 231, §59H (1994). After reviewing the Trustees’ application, affidavit and itemization of fees and costs and the plaintiffs’ arguments in opposition thereto, this Court exercises its discretion to make the following supplemental award of fees and costs.
The defendant Trustees seek an additional $31,695 in attorneys fees and $672.88 in costs incurred from August 1, 1997 through October 31, 1997. These fees and costs relate to three primary legal tasks performed by Hill and Barlow during this period. First, the Trustees successfully opposed the plaintiffs’ petition for interlocutory relief pursuant to G.L.c. 231, §118. After hearing oral argument, a single justice of the Appeals Court (Flannery, J.) denied plaintiffs’ petition on September 16, 1997. In addition, the Trustees successfully sought clarification of this Court’s July 10, 1997 Memorandum and Order on the parties’ motions to dismiss. Upon reconsideration, this Court on September 30, 1997 dismissed Count VIII, the remaining claim against the Trustees, pursuant to the antiSLAPP Act. Finally, the Trustees prepared fee applications pursuant to G.L.c. 231, §59H as well as oppositions to two motions filed by the plaintiffs: a motion to stay a ruling on the fee applications pending appeal and a motion to conduct discovery on the fee applications.
The Trustees were represented during the period at issue by lead defense counsel, Hill & Barlow. Attorney Michael Greco, a partner, charged $335 per hour prior to 9/1/97 when his billing rate rose to $350 per hour. Robert Bertsche, an eighth year associate, charged $230 per hour prior to 9/1/97 when his billing rate rose to $250 per hour. Robert Schwartz, a third year associate, charged $160 per hour prior to 9/1/97 when his billing rate rose to $180 per hour. This Court finds these hourly rates to be fair and reasonable.
Office One first objects that the Trustees should not be awarded fees for approximately 24 hours spent in August 1997 preparing their original application for fees and costs because this task is unrelated to the merits of the Trustees’ defense and is thus not recoverable under G.L.c. 231, §59H. Office One further protests that the 24 hours sought is excessive and should be disallowed or reduced. The time spent by a party preparing an application for a statutory award of fees and costs is generally compensable so long as it is reasonable. Jacobs v. Mancuso, 825 F.2d 559, 563 (1st Cir. 1987). This Court thus concludes that the time spent preparing a fee application may be recovered under G.L.c. 231, §59H. Nonetheless, a party should not claim an inordinate number of attorney hours for reviewing and analyzing time records and preparing supporting fee memoranda, in view of the largely clerical skills needed for these tasks and the relatively uncomplicated law applicable to their analysis. Id. This Court finds 24 hours of preparation to be excessive under the circumstances and deems 10 hours to be a reasonable amount of time for this task. Accordingly, the Trustees’ supplemental fee award will be reduced by $4,900.
Office One further objects that Hill & Barlow improperly billed for time spent reviewing plaintiffs’ opposition to the Trustees’ application for fees and costs. As previously noted by this Court, time spent preparing an application for an award of fees and costs pursuant to the anti-SLAPP Act is compensable, and this includes examining and addressing the other party’s objections. However, a review of Hill & Barlow’s itemization reveals a total of 7 hours spent on this task, which this Court deems excessive for a review of this nature. Given that the papers involved were not voluminous and the arguments relatively uncomplicated, this Court finds 2 hours to be a reasonable amount of time spent on this task. Accordingly, the Trustees’ supplemental award will be reduced by $1,750.
Office One next argues that Hill & Barlow unreasonably billed for excessive conferences among attorneys working on the Trustees’ defense. An examination of Hill & Barlow’s supplemental itemization reveals that between 8/1/97 and 10/31/97, a total of 21.3 hours was spent by various attorneys in such conferences, as compared to the 113.4 total hours spent by Hill & Barlow on the Trustees’ defense. This Court finds 21.3 hours of conferencing excessive under the circumstances. Fees will be allowed for only half of this time, resulting in a reduction of the fee award by $2,600.
Finally, Office One protests that the time counsel spent communicating with the Chubb Insurance Group is unrelated to the merits of the Trustees’ defense and is not recoverable under the anti-SLAPP Act. A review of Hill & Barlow’s supplemental itemization reveals that on 9/16/97, Attorney Greco spent 1.5 hours in a telephone conference with “L. Daly of Chubb Group” and reviewing bills “as requested by L. Daly.” Further, on 9/18/97, Greco spent 1.5 hours in a telephone conference with “G. Vaughan” who, as noted in this Court’s November 4, 1997 award of fees, is also with the Chubb Group. *120 Finally, on 9/29/97, Greco spent .5 hours in a telephone conference with L. Daly and G. Vaughan. These tasks do not involve the merits of the Trustees’ defense but rather, insurance coverage issues. As such, they are not recoverable under the anti-SLAPP Act, and the $1,225 in fees incurred for this work will be disallowed.
Accordingly, this Court in its discretion awards the Trustees $21,220 in attorneys fees[3] and $672.88 in costs pursuant to G.L. 2.231, §59H.
ORDER
Based on the foregoing, it is hereby ORDERED that pursuant to G.L.c. 231, §59H, judgment shall enter for defendants Jacqueline Sullivan, Bxyan Chegwidden, Nicholas Porcaro, Lynn H. Moore, James E. Gado and Jill Herold as Trustees of the River Court Condominium Trust for reasonable attorneys fees in the amount of twenty-one thousand, two hundred and twenty dollars and no cents ($21,220) and reasonable costs in the amount of six hundred and seventy-two dollars and eighty-eight cents ($672.88) against the plaintiffs Office One, Inc. and Pilgrim Telephone, Inc.

This amount represents the amount originally requested, $31,695, less $4,900 for excessive time spent preparing the fee application, $ 1,750 for excessive time reviewing the opposition to fees, $2,600 for excessive conferencing and $1,225 for work performed for the insurer.